Eduardo B. Alejo, Esq. SBN 128854
Amanda L. Thompson, Esq. SBN 254355
**The Law Office of E.B. Alejo**
240 Woodlawn Avenue, Suite 11
Chula Vista, California 91910
Ph: (619) 271-0620
Fax: (619) 271-1827
alejolawoffice@gmail.com

Attorneys for Plaintiff/Creditor,
ABRAHAM VIERNES II

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br>MA. THERESA OCAMPO PAULE<br>    Debtor | Chapter 7<br>Bankruptcy No.: 12-16671-MM7<br>Adversary Case No. 13-90076-MM |
| ABRAHAM VIERNES II,<br>    Plaintiff<br>v.<br>MA. THERESA OCAMPO PAULE aka Maria Theresa Mallari, aka Ma. Theresa O. Mallari, aka Theresa Ocampo Paule, aka Maria Theresa Ocampo Paule<br>    Defendant | **MOTION OF PLAINTIFF ABRAHAM VIERNES II FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Statement of Uncontroverted Facts and Conclusions of Law, Request for Judicial Notice and Declaration of Amanda L. Thompson with exhibits are Concurrently Filed Herewith]<br>[Fed. R. Bankr. Proc. 7056; Fed R. Civ. Proc. 56]<br><br>Date:   February 27, 2013<br>Time:   10:00 a.m.<br>Dept.:  1; Room 218 |

**TO THE HONORABLE MARGARET M. MANN, DEFENDANT/DEBTOR MARIA THERESA OCAMPO PAULE, COUNSEL OF RECORD, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on February 27, 2013 at 10:00 a.m. or as soon thereafter as the matter may be heard by the Bankruptcy Court in Courtroom

-1-    Bankruptcy No.: 12-16671-MM7
Adversary Case No.: 13-90076-MM
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Department 1, Room 218, located at 325 West "F" Street, San Diego, California 92101, Plaintiff/Creditor, Abraham Viernes II (hereafter "Plaintiff" or "Mr. Viernes") will and hereby moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7056 of the Federal Rules of Bankruptcy Procedure, for an order granting summary judgment. This motion is based upon the ground that there is no genuine issue as to any material fact and dispute and there is no defense to the action relative to the Plaintiff's claims for relief against Debtor Maria Theresa Ocampo Paule (hereafter "Defendant" and/or "Paule"), as asserted in Plaintiff's Complaint for Determination of Nondischargeability of Debt, filed March 25, 2013, based on issue preclusion from a prior final judgment on the issues of fraud, and that Plaintiff is therefore entitled to summary judgment as a matter of law.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the concurrently filed Statement of Uncontroverted Facts and Conclusions of Law, Request for Judicial Notice, Declaration of Amanda L. Thompson with exhibits, the proposed Order, and all pleadings, papers, and records on file in this action, all matters upon which the Court may take judicial notice, and such further written and oral argument as may be presented to the Court.

Date: January 30, 2014            Respectfully submitted:

                                      /s/ Eduardo B. Alejo
                                      Eduardo B. Alejo
                                      Amanda L. Thompson
                                      Attorneys for Plaintiff Creditor
                                      Abraham Viernes II

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

The Plaintiff moves for summary judgment on his Complaint against Debtor Paule to establish the nondischargeability of $54,309.57, including post judgment interest that is accruing and continues to accrue at a rate of ten percent per annum, which is debt that Paule owes to Plaintiff. This debt arises out of a judgment after trial that Plaintiff obtained on December 16, 2011, before Judge William S. Cannon, against Paule. Such case was filed and adjudged in the Superior Court of California, County of San Diego (Case No. 37-2008-001033660-CU-NP-SC) for the following causes of action: (1) Conversion, (2) Fraud and Deceit, and (3) Breach of Contract - Oral, (collectively referred to herein as "causes of action").

Based on black-letter preclusion principles, Paule is precluded from disputing or re-litigating the issues of fraud and other causes of action resulting from said judgment and in connection with the Plaintiff's claim for relief under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6). Accordingly, there are no possible issues of fact concerning the nondischargeability of Debtor's debt to the Plaintiff, and the Plaintiff is entitled to a judgment of nondischargeability as a matter of law.

## II. JURISDICTION AND VENUE

Paule filed a Voluntary Petition for Bankruptcy under Chapter 13 of the Bankruptcy Code on December 26, 2011. This action is a core proceeding and this Court has jurisdiction pursuant to 11 U.S.C. §§ 523, 28 U.S.C §§ 157 (b) and 1334 (b), and Rules 4007 and 7001(6) of the Federal Rules of Bankruptcy Procedure. Venue in this judicial district is proper pursuant to the provisions of 28 U.S.C. § 1409(a).

///

### III. THE UNDISPUTED FACTS

#### A. The Plaintiff's Fraud Claims Against Paule

On or about December 22, 2009, Plaintiff (an individual residing in California) filed a state court action against Defendant Debtor, Maria Theresa Ocampo Paule[1]  Such action was brought in the Superior Court of San Diego, South County division for (1) Conversion, (2) Fraud and Deceit, and (3) Breach of Contract – Oral.  Said case is titled *Viernes v. Mallari* (Case No. 12-2008-00103366-CU-NP-SC) and shall herein be referred to as the "fraud action."  Plaintiff's Request for Judicial Notice ("RJN"), Decl. of Amanda L. Thompson ¶ 2 ("Decl.), Ex. A; Statement of Uncontroverted Facts and Conclusions of Law ("Statement") ¶ 1.

Debtor filed responsive pleadings to the Complaint including a Demurrer and Motion to Strike. RJN, Decl. ¶ 3, Ex. I; Statement ¶ 2.  On April 6, 2009, Plaintiff filed a First Amended Complaint, also alleging (1) Conversion, (2) Fraud and Deceit, and (3) Breach of Contract – Oral.  RJN, Decl ¶ 4, Ex. B, Statement ¶ 3.  The parties then engaged in discovery and ultimately proceeded to a bench trial of this matter before Judge William S. Cannon which occurred on October 24, 2011. RJN, Decl ¶ 5, Ex. C, Statement ¶ 4.  The court made its ruling in open court on October 24, 2011 and ordered Plaintiff's counsel to prepare the Judgment and the Notice of Entry of Judgment.  RJN, Decl ¶ 6, Ex. D, Statement ¶ 5. Defendant has not paid the judgment.  Statement ¶ 6; Decl. ¶ 7, Exs E-H.

Plaintiff filed a Writ of Execution to attempt to collect on the judgment. RJN, Decl ¶ 8, Ex. E, Statement ¶ 7.  Defendant filed a Claim of Exemption, which Plaintiff opposed.  RJN, Decl ¶ 9, Ex. F-G, Statement ¶ 8.  The Court granted Plaintiff's Opposition to Claim of Exemption on November 30, 2012, and

---

[1] At that time, Defendant's legal name, and under which such lawsuit was filed, was Maria Theresa Mallari.  Plaintiff also brought such action against Defendant's mother, Emilia Ocampo, who was later dismissed.

ordered Defendant's wages garnished at $1,000 per month. RJN, Decl ¶ 10, Ex. H, Statement ¶ 9. However, Defendant's wages were not garnished because Defendant filed the Bankruptcy in the underlying matter on December 26, 2012; therefore, the judgment has not yet been satisfied. Decl. ¶ 11; Statement ¶ 10. Plaintiff's adversary proceeding to determine dischargeability of debt was timely filed on March 25, 2013 against Defendant. Decl. ¶ 12; Statement ¶ 11.

The Fraud Action arose after Plaintiff and Defendant's romantic relationship ended when Defendant had an affair with another man. Exs A-B; Statement ¶12. The Fraud Action also arises out of the allegations which follow: After such relationship ended, Plaintiff regained possession of the engagement ring he had previously given to Defendant during their relationship. Exs. A-B; Statement ¶ 13. Unbeknownst to Plaintiff, Defendant took back the ring. Exs. A-B; Statement ¶14. After Plaintiff discovered the missing ring, he confronted Defendant, who confessed she took the ring and gave it to her mother, but promised to return or repay it, which she never did. Exs. A-B. Statement ¶ 15. Plaintiff relied upon Defendant's representations. Exs. A-B. Statement ¶ 15. Defendant began cohabitating with the man with whom she had engaged in an affair in the home she had previously shared with Plaintiff. Exs. A-B; Statement ¶ 16. Defendant has since ignored or refused Plaintiff's repeated requests and demands to return the ring or repay its value. Ex. A-B; Statement ¶ 17.

### B. The Entry of Judgment Against Paule

Judgment After Court Trial was issued for Plaintiff on December 16, 2011, on all causes of action alleged in the operative Complaint, including compensatory damages, prejudgment interest, and punitive damages. Ex. C. Notice of Entry of Judgment was then filed on January 13, 2012. RJN Decl. ¶ 6, Ex. C-D; Statement ¶ 18. Defendant has not paid the judgment. Plaintiff has filed a Writ of Execution and ultimately obtained another Order granting his Opposition to Defendant's Claim of Exemption and ordering Defendant's wages garnished. Decl. ¶¶ 7-10, Ex. E-H; Statement ¶¶ 6-9.

## IV. LEGAL ARGUMENT

Federal Rule of Civil Procedure 56 provides that "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ Pro. 56(a). A party may file a motion for summary judgment "at any time until 30 days after the close of all discovery." Fed. R. Civ Pro. 56(b).

Here, the within motion is timely filed and the superior court's judgment against Defendant establishes her liability for all causes of action and allegations in the Complaint. Because such judgment must be accorded preclusive effect in this proceeding, there can be no issue of fact concerning the nondischargeability of Defendant Debtor's debt to the Plaintiff. Accordingly, nondischargeability is established as a matter of law, and summary judgment should be entered.

### A. Under Settled Law, the Judgment Against Paule Is Entitled To Preclusive Effect In This Proceeding, And The Plaintiff Is Therefore Entitled To Summary Judgment

Collateral Estoppel and Res Judicata prohibit the re-litigation of issues that have been adjudicated in a prior lawsuit. The doctrines also apply in bankruptcy dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 285 n. 11 (1991); *In re Diamond*, 285 F.3d 822, 826 (9TH Cir.2002). So long as a creditor invokes issue preclusion and demonstrates that its elements are satisfied, the bankruptcy court must apply the doctrine with respect to any issue litigated in another court. *See Bugna c. McArthur (In re Bugna)*, 33 F.3d 1054, 1057-58 (9th Cir. 1994); *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("Issue preclusion . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim").

In determining whether a party should be estopped from re-litigating an issue in bankruptcy court that was decided in a prior court action, federal principles of preclusion apply. *Heiser v. Woodruff*, 327 U. S. 726, 732 (1945). *Heiser* involved a case with similar facts, in which the debtor procured jewels by false pretenses and false representations and thereafter converted the jewels to his own use, as defendant did here. The court rendered judgment against the debtor. Debtor later attempted to have the issues reexamined by a bankruptcy court, based on fraud. However, based on res judicata, the bankruptcy court was barred from reexamining the issues which had already been decided by a district court and determined by the judgment itself. *Heiser v. Woodruff*, 327 U. S. at 730. A judgment duly rendered in one court will be recognized as res judicata in a suit between the same parties in a federal court. *Heiser v. Woodruff*, 327 U. S. at 730 (*citing Cromwell v. County of Sac*, 94 U.S. 351 (1877)).

The effect of a judgment rendered on the merits as to a cause of action between parties is to bar or estop prosecution of a second action between the parties upon the *same claim*, such that the judgment constitutes an *absolute bar* to a subsequent action. *Cromwell v. County of Sac*, 94 U.S. at 352. Further, the "judgment is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to *any other admissible matter which might have been offered for that purpose*." *Id.*

Here, the same issues of fraud raised in the instant adversary proceeding have already been decided by another court between these same parties; accordingly, this Court is now barred by res judicata from reexamining the issues already decided and determined by the prior judgment in the Fraud Action.

//
//
//

-5-   Bankruptcy No.: 12-16671-MM7
Adversary Case No.: 13-90076-MM
**MEMORANDUM OF POINTS AND AUTHORITIES**

### B. The Prior Judgment Against Paule Is Also Entitled To Preclusive Effect In This Proceeding Based on Collateral Estoppel

In the Ninth Circuit, a party will be estopped from re-litigating an issue if the following four elements exist: "(1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action, and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action." *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992). Each of the elements are easily satisfied here as follows:

#### 1. Debtor had Full and Fair Opportunity to Litigate the Issue of Fraud

Debtor had a full and fair opportunity to litigate the issues of conversion, fraud and deceit, and breach of oral contract in the Fraud Action, since Debtor was served with the Complaint, filed responsive pleadings, engaged in discovery, and appeared at the trial of the matter. Statement ¶¶ 1-4.

#### 2. The Issue of Fraud was Actually Litigated

Second, the issues of fraud and deceit (as well as conversion and breach of oral contract) were actually litigated in the Fraud Action. Upon receipt of the Complaint, the parties engaged in law and motion concerning the allegations and issues raised. Statement ¶¶ 1-3. Once the pleadings were at issue, the parties engaged in discovery. Statement ¶ 4. Ultimately, the parties participated in a trial of the issues raised, including the fraud issues. Statement ¶ 4. Following the trial and consideration of the testimony and evidence presented as well as the argument of counsel, judgment was rendered in open court for the Plaintiff on all causes of action. Statement ¶ 4.

#### 3. Judgment After Trial is a Final Judgment

Third, there is no question that the court judgment against Debtor and attached as Exhibit D represents a "final judgment" under California law for purposes of issue preclusion. The "judgment is a finality as to the claim or

demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to *any other admissible matter which might have been offered for that purpose.*" *Cromwell v. County of Sac*, 94 U.S. at 352. Accordingly, Defendant is even barred from having issues reexamined which *could have been offered* in the prior proceeding regardless of whether they were.

### 4. Defendant Debtor is the Same Party

Finally, the law requires that "the person against whom collateral estoppel is asserted in the present action [be] a party or in privity with a party in the previous action." (*Pena,* 976 F.2d at 472). Here, Defendant Debtor was actually the Defendant in the Fraud Action and filed responsive pleadings, engaged in discovery, and appeared at trial of the matter. Because Debtor was the party to the Fraud Action, and the party against whom the judgment was entered, the fourth requirement is entirely satisfied.

### C. The Judgment Establishes Debtor's Fraud and the Nondischargeability of Her Debt

Having demonstrated that the court judgment in the Fraud Action has preclusive effect in this proceeding, all that remains is to demonstrate that the facts adjudicated by the Judgment are sufficient to establish nondischargeability as a matter of law, which is easily done.

In this Adversary Proceeding, the Plaintiff asserts claims against Debtor for nondischargeability pursuant to sections 523(a)(2)(A), 523(a)(4), and 523(a)(6) of the Bankruptcy Code. Pursuant to § 523(a)(2)(A), a monetary debt is nondischargeable "to the extent obtained by false pretenses, a false representation, or actual fraud." To establish that Paule's debt is nondischargeable, the Plaintiff must show: "(1) that the debtor made the representations; (2) that at the time she knew they were false; (3) that she made them with the intention and purpose of deceiving the creditor; and (4) that the creditor relied on such representations."

-7-    Bankruptcy No.: 12-16671-MM7
Adversary Case No.: 13-90076-MM

**MEMORANDUM OF POINTS AND AUTHORITIES**

*Household Credit Servs. V. Ettell (In re Ettell),* 188 F.3d 1141, 1144 (9th Cir. 1999) (quoting *Citibank v. Eashai)*, 87 F.3d 1082 (9th Cir. 1996).

These factors were at issue before the court, as alleged in the Complaint and First Amended Complaint. Exs A-B. The parties undertook trial of the matter and the Judgment contains the court's findings on the issues before it – including the fraud allegations and elements thereto. Ex. C-D.

In California, punitive damages cannot be awarded unless the court finds that the tortious conduct constituted "malice, oppression or fraud." Cal. Civ. Code § 3294. Here, the elements of fraud alleged were necessarily met because the court awarded punitive damages against Defendant. Ex. C-D. Accordingly, all liability arising from the Fraud Action, including compensatory damages, punitive damages, and interest awarded are nondischargeable. *Cohen v. Cruz,* 523 U.S. 213, (1998). In granting judgment after trial to the Plaintiff, in the Fraud Action, the Superior Court of California necessarily found that Paule defrauded Plaintiff and had to consider the same elements as the Bankruptcy Court would consider under § 523(a)(2)(A): whether Paule made false representations intending to deceive the Plaintiff, whether Plaintiff had a right to rely on said representations, and whether Plaintiff relied to his detriment. (*South Tahoe Gas Co. v. Hofmann Land Improvement Co.* (1972) 25 Cal.App.3d 750, 765 (setting forth the elements of fraud under California law: misrepresentation/concealment; knowledge of falsity; intent to induce reliance; reasonable reliance, and damage. Indeed, among the allegations in the Fraud Action Complaint against Paule are allegations that track the elements of "actual fraud," "larceny," and "fraudulent deceit" and other allegations relating to the action.

Bankruptcy Code § 523(a)(4) provides that a debt is nondischargeable if the debt involves "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." In the Fraud action, Plaintiff alleged Defendant Debtor committed larceny upon Plaintiff by taking the ring after the parties'

-8-    Bankruptcy No.: 12-16671-MM7
Adversary Case No.: 13-90076-MM
**MEMORANDUM OF POINTS AND AUTHORITIES**

engagement had been broken, when she was no longer authorized to wear or possess it. Thus, the issues raised in the Fraud Action were the same as the issues raised in this Adversary Proceeding. *Rousous v. Michaelides (In re Roussos)* 251 B.R. 86 (Bankr. 9th Cir. 2000)( the legal issue determined by a California Court in granting an award of punitive damages for fraud is the same presented to a bankruptcy court in a nondischargeability action under Bankruptcy Code §§ 523(a)(4) and 523(a)(6) and the doctrine of collateral estoppel precludes re-litigating those issues in the bankruptcy court).

The same analysis can be performed, with the same result, under Bankruptcy Code § 523(a)(6). That section provides that a debt is nondischargeable if the debt involves "wilful and malicious injury by the debtor to another entity or the property of another entity." In the Fraud action, Plaintiff alleged Defendant Debtor committed fraud and other malicious, deceitful, and wilful actions which were intended to harm Plaintiff. Thus, the issues raised in the Fraud Action were the same as the issues raised in this Adversary Proceeding. Further, because fraud is an intentional tort, a debt arising from fraud is nondischargeable pursuant to Bankruptcy Code § 523(a)(6). *Rousous v. Michaelides (In re Roussos)* 251 B.R. 86 (Bankr. 9th Cir. 2000); *Molina v. Seror (In re Molina)* 228 B.R. 248 (Bankr. 9th Cir. 1998) (holding that the legal issue determined by a California Court in granting an award of punitive damages for fraud is the same presented to a bankruptcy court in a nondischargeability action under Bankruptcy Code § 523(a)(6) and that the doctrine of collateral estoppel precludes re-litigating that issue in the bankruptcy court).

### V. CONCLUSION

The Judgment attached at Exhibit D conclusively establishes that Debtor committed fraud against Plaintiff. Pursuant to the overwhelming legal authority set forth above, that fraud determination has issue-preclusive effect in this proceeding, and establishes, as a matter of law, that the $54,309.57 debt claimed

-9-    Bankruptcy No.: 12-16671-MM7
Adversary Case No.: 13-90076-MM

**MEMORANDUM OF POINTS AND AUTHORITIES**

by Plaintiff is non-dischargeable.[2]  Accordingly, for the foregoing reasons and any additional reasons that may be adduced on this matter, Plaintiff respectfully asks this Court to grant his Motion for Summary Judgment and require Defendant to finally be held accountable for her actions and to repay such debt to Plaintiff.

Date: January 30, 2014                    Respectfully submitted:

                                          /s/ Eduardo B. Alejo
                                          Eduardo B. Alejo
                                          Amanda L. Thompson
                                          Attorneys for Plaintiff
                                          Abraham Viernes II

---

[2] Further, the prior Court ordered interest to accrue at a rate of ten percent per annum, or $13.55 per day according to the Writ of Execution at Exhibit E.  As of the date of hearing of the instant motion, February 27, 2014, 342 days will have passed since Plaintiff's Proof of Claim was filed on March 22, 2013 (the last date to which interest was calculated).  This amounts to $4,634.10 in additional interest accrued to such total.  Accordingly, the amount of $58,943.67 should be deemed nondischargeable.