Ahren A. Tiller (SBN 250608)
Bankruptcy Law Center, APC
1230 Columbia St. Ste 1100
San Diego, Ca 92101
Phone (619) 894-8831
Fax: (866) 444-7026
E-mail: Ahren.Tiller@blc-sd.com

Attorney for Defendant
Ma. Theresa Ocampo Paule

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Ma. Theresa Ocampo Paule <br><br> Debtor, <br>_____ <br><br> Abraham Viernes II, <br><br> Plaintiff, <br><br> v. <br><br> Ma. Theresa Ocampo Paule aka Maria Theresa Mallari, aka Maria Theresa o. Mallari, aka Theresa Ocampo Paule, aka Maria Theresa Ocampo Paule <br><br> Defendant, <br>_____ | Bankruptcy Case No:12-16671-MM7 <br><br> Adversary Case No: 13-90076-MM <br><br> Chapter 7 <br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR NONDISCHARGEABILITY OF DEBTS** <br><br> Date:   Feb 27, 2013 <br> Time:  10:00 AM <br> Dept:   1 <br><br> Honorable Judge Margaret M. Mann |

**TO THE HONORABLE MARGARET M. MANN; PLAINTIFF, ABRAHAM VIERNES II; COUNSEL OF RECORD; AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE:** that Defendant Ma. Theresa Ocampo Paule (hereinafter "Debtor"), by and through her Counsel of Record Ahren A. Tiller, hereby Opposes Plaintiff Abraham Viernes II's Motion for Summary Judgment. Debtor requests this Court deny Plaintiff's Motion for Summary Judgment as to all counts.

## PROCEDURAL HISTORY

On December 22, 2009, Plaintiff filed a state court action against the Defendant, Ma. Theresa Ocampo Paule in the Superior Court of San Diego, South County Division (Case No 37-2008-00103366-CU-NP-SC). Plaintiff's Complaint alleged Conversion, Fraud and Deceit, and Breach of Oral Contract.

On April 6, 2009, in response to Debtor's responsive pleadings, Plaintiff filed a First Amended Complaint that alleged Conversion, Fraud and Deceit, and Breach of Oral Contract.

In October of 2011, the State Court action went to a bench trial presided over by Judge William S. Cannon.

On January 13, 2011, the State Court entered a Judgment against the Defendant (See Exhibit D, attached to Plaintiff's Motion for Summary Judgment).

On December 26, 2012, the Debtor filed a Chapter 13 bankruptcy case in the US Bankruptcy Court for the Southern District of California (Case No 12-16671-MM7).

On March 25, 2013, this Adversary Proceeding was filed by Plaintiff (Case No 13-90076-MM).

On June 15, 2013 the Debtor moved to convert her bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

On September 18, 2013, the Bankruptcy Court entered Debtor's Discharge Order.


## LEGAL ARGUMENT

## I.

## JURISDICTION AND VENUE

Pursuant to 28 U.S.C. §157(b), this Court has jurisdiction over this action as a core proceeding arising out of the Debtor's bankruptcy case. Although Plaintiff relies on a California Civil Court judgment as the basis for their claim, this Court has exclusive authority to determine the dischargeability of debts under 11 U.S.C. §523. *Dietz v. Ford (In re Dietz), 469 B.R. 11 (B.A.P. 9th Cir. 2012)*. Venue is proper pursuant to 11 U.S.C. §1409(a).

## II.

## STANDARD FOR GRANTING SUMMARY JUDGMENT IN AN ADVERSARY PROCEEDING

Plaintiff brings their Motion for Summary Judgment pursuant to F.R.C.P. 56 and F.R.B.P. 7056.   Summary Judgment motions should be granted only if the Movant shows there is no genuine dispute as to any material fact or element, and that the Movant is entitled to judgment as a matter of law. *See F.R.C.P 56 and Fernandez v. Miniefee (In re Minifee), 2012 Bankr. LEXIS 4138, (case discussing  Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986)).*  When evaluating a Motion for Summary Judgment, the Court will view all facts in favor of the non-moving party.  *Fernandez v. Miniefee (In re Minifee), 2012 Bankr. LEXIS 4138(Pacer # 11-90445-MM Southern District of California) discussing Brosseau v. Haugen, 543 U.S. 194, 195 (2004).*  In accordance with public policy, exceptions to discharge found in 11 U.S.C. §523 should be narrowly construed in favor of the Debtor.  *See Aetna v. Neil (In re Neil), 133 B.R. 607, 612 (B.A.P. 9th Cir. 1990).*

## III.

## PRECLUSIVE EFFECT OF PLAINTIFF'S CALIFORNIA STATE COURT CIVIL JUDGMENT

Plaintiff argues that the principles of Collateral Estoppel and Res Judicata prohibit this Court from addressing issues of dischargeability, because they have already been litigated in the California State Court Civil Case.  In a prior decision, this Court addressed this very same issue stating,

> "Pursuant to 28 U.S.C. § 1738, federal courts apply the issue preclusion principles from the state in which the judgment was entered. *Grogan, 498 U.S. at 284; Honaken v. Hopper (In re Honaken), 446 B.R. 373, 382 (B.A.P. 9th Cir. 2011).* In California, the state in which the Judgment was entered, collateral estoppel applies if five threshold elements are met: (1) identical issue; (2) actually litigated in the former proceeding; (3) necessarily decided in the former proceeding; (4) former decision final and on the merits; and (5) party against whom preclusion sought either the same, or in privity with, party in former proceeding. *Khaligh, 338 B.R. at 284.* Even if all five requirements are met, the Court must also ensure

that the application of collateral estoppel is fair and consistent with sound public policy."

*Menifee* 2012 Bankr. LEXIS 4138, citing *Honaken v. Hopper (In re Honaken), 446 B.R. 373, 382 (B.A.P. 9th Cir. 2011)* and *Khaligh v. Hadaegh (In re Khaligh), 338 B.R. 817 (B.A.P. 9th Cir. 2006),* and *Alonso v. Summerville (In re Summerville), 361 B.R. 133 (B.A.P. 9th Cir. 2007).*

Debtor does not dispute that Plaintiff's Motion for Summary Judgment meets some of the estoppel elements described above. Plaintiff's claim was in fact actually litigated in the prior State Court proceeding. The case went all the way to trial and a final judgment was entered against the Defendant. The Defendant does not dispute that the state court judgment is a valid decision on the merits, which was not appealed by the Defendant. The state court case included the Debtor, the same party in this action. Furthermore, the issue of fraud alleged under 11 U.S.C. §523(a)(2)(A) is essentially an identical issue as common law fraud in California. *See Menifee* 2012 Bankr LEXIS 4138, citing *Younie v. Gonya (In re Younie) 211 B.R. 367, 373 (B.A.P. 9th Cir. 1997).* However, Plaintiff fails to meet the remaining requisite elements outlined above. For Plaintiff's Motion for Summary Judgment to succeed, Plaintiff must show there are no facts in dispute and that the prior state court decision meets all elements laid out above for each of Plaintiff's claims for non-dischargeability.

### A. THE STATE COURT JUDGMENT DOES NOT HAVE PRECLUSIVE EFFECT ON PLAINTIFF'S CLAIM FOR NON-DISCHARGEABILITY UNDER 11 U.S.C. §523(a)(2)(A)

Plaintiff's claim for preclusion as to non-dischargeabilty under 11 U.S.C. §523(a)(2)(A) fails, because the issue was not necessarily decided in the former proceeding. In *Menifee* this court stated, "A prior decision can be given preclusive effect in later proceedings 'where the record shows an express finding upon the allegation' for which preclusion is sought." *Menifee* 2012 Bankr LEXIS 4138 citing *Cal-Micro Inc. v. Cantrell (In re Cantrell), 329 F.3d 1119, 1124 (9th Cir. 2003).* This Court specifically noted that where a prior state court decision failed to make specific findings on the five statutory elements of fraud in the state court record, the state court fraud judgment failed to necessarily decide the elements required for preclusion as to a

non-dischargeability claim under 11 U.S.C. §523(a)(2)(A).  Plaintiff's Motion for Summary Judgment has identical defects.  A copy of the original state court complaint is attached to Plaintiff's Motion for Summary Judgment and marked as Exhibit A.   In said Complaint, Plaintiff asserts claims against the Defendant for Conversion, Fraud and Deceit, and Breach of Oral Contract.  Exhibit B attached to Plaintiff's Motion, is a copy of an amended state court complaint which also includes the same causes of action (i.e. Breach of Oral Contract). Plaintiff's Exhibit D is a copy of the state court judgment, which contains only a statement of compensatory damages, punitive damages, and calculation of interest.  The judgment states it is entered as to "all causes of action."  The judgment contains no information regarding fact finding as to the elements of fraud, nor any explanation of what portion of the judgment is attributable to fraud rather than breach of an oral contract.  The judgment also contains a general award for attorney's fees and costs associated with all causes of action and defenses of Debtor's cross complaint.

Plaintiff's Exhibit C is a copy of the state court's minute order.  The minute order contains only a finding of "judgment on the amended complaint" and states the amounts described above. There is zero fact finding presented in the record as to the specific elements of fraud and as to what portion of the state court judgment was attributable to fraud rather than breach of oral contract or conversion.

Furthermore, the Ninth Circuit, in *Baroff*, held that "Attorney fees may be awarded … as long as the action 'involves' a contract and one of the parties would be entitled to recover attorney fees under the terms of the contract if that party prevails in its lawsuit ..." *Milman v. Shukhat*, 22 Cal. App. 4th 538, 545, 27 Cal. Rptr. 2d 526 (Ct. App. 1994).  Bankruptcy Courts have ruled that "fees will be awarded if the 523(a)(2) suit is instituted to 'enforce the rights under the agreement, which contains an attorney's fee provision.'" *Redwood Theaters Inc. v. Davison* (*In Re Davison*), 289 B.R. 716.   Here, there is no such fee provision agreement, thus the request for summary judgment as to the portion of the State Court's judgment awarding Costs as well as the Plaintiff's supplemental prayer in the instant Adversarial Proceeding Complaint for Attorney's fees should be denied.

Plaintiff's claim for Summary Judgment is facially deficient and should fail.  Summary Judgment should only be granted as to 11 U.S.C. §523(a)(2)(A) if the prior record clearly lays out fact finding as to all elements of fraud and attributes what portion of the judgment is related to fraud rather than the other causes of action contained in the Plaintiff's complaint.  Here, the prior case does not do so, thus, it would be improper for this Court not to allow for fact finding in this forum as to the specific elements of fraud and what portion of the prior judgment, if any, is non-dischargeable under 11 U.S.C. §523(a)(2)(A).

## B. THE STATE COURT JUDGMENT DOES NOT HAVE PRECLUSIVE EFFECT ON PLAINTIFF'S CLAIM FOR NON-DISCHARGEABILITY UNDER 11 U.S.C. §523(a)(4)

Plaintiff's claim for preclusion as to non-dischargeabilty under 11 U.S.C. §523(a)(4) fails on two prongs as it was not an identical issue, nor was it necessarily decided in the former proceeding.  Collier on Bankruptcy states,

> Larceny is the fraudulent and wrongful taking and carrying away of the property of another with intent to convert the property to the taker's use without the consent of the owner.  As distinguished from embezzlement, the original taking of the property must be unlawful.  For purposes of §523(a)(4), a bankruptcy court is not bound by the state law definition of larceny, but rather may follow federal common law, which defines larceny as a 'felonious taking of another's personal property with intent to convert it or deprive the owner of same." *Collier on Bankruptcy ¶523.10[2] (15th rev. ed., Henry Sommer and Alan Resnick, eds. 2007.*

A finding of larceny under federal common law requires a showing that the Debtor has taken property wrongfully and with fraudulent intent.  *Kaye v. Rose (In re Rose), 934 F.2d 901, 903 (7th Cir. 1991).*  A finding of common law conversion in California, however, does not have identical elements.  The elements that must be established for the tort of Conversion in California are (1) the Plaintiff's ownership or right to possession of personal property; (2) Defendant's disposition of property in a manner inconsistent with Plaintiff's property rights; and (3) resulting damages.  *See Fremont Indem. Co. v. Fremont Gen. Corp.*, 148 Cal. App. 4th 97, 119 (2007).  Nowhere in the elements for a civil judgment of conversion is a finding regarding the Debtor's

subjective fraudulent intent to convert or deprive Plaintiff of the property.  As the elements for conversion are distinctly different than the elements for larceny under federal common law, the Plaintiff's claim for preclusion fails as it is not an identical issue.

Furthermore, Plaintiff's claim for preclusion as to 11 U.S.C. §523(a)(4) has the same problem as the claim under 11 U.S.C. §523(a)(2)(A) - the issue was not necessarily decided in the state court action.  As discussed above, the record provides only a general statement of a judgment "as to all claims" and makes no factual determination as to what portion of the judgment is due to conversion <u>rather than Plaintiff's causes of action for "Breach of Oral Contract"</u>.

Plaintiff additionally asserts that the state court award of punitive damages pursuant to Cal. Civ. Code §3294 establishes that the elements of non-dischargeability under 11 U.S.C. §523(a)(4) were previously met.  This court previously addressed a similar claim in <u>*Menifee*</u>, and specifically pointed out that Cal. Civ. Code §3294 provides for punitive damages when the defendant is guilty of oppression, fraud, or malice.  This Court stated, "Oppression is defined as 'despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights ... oppression does not constitute fraud or willfulness." <u>*Menifee*</u> 2012 Bankr LEXIS 4138 citing <u>*Brandstetter v. Derebery (In re Derebery), 324 B.R. 349, 356 (Bankr. C.D. Cal. 2005)*</u> and <u>*Urological Group Ltd. v. Petersen (In re Petersen), 296 B.R. 766, 768 (Bankr. C.D. Ill. 2003)*</u>.  This Court went on to specifically point out that the state court judgment at issue in <u>*Menifee*</u> contained no findings as to the specific justification for punitive damages, and instead only stated punitive damages were awarded.  Those punitive damages could have been from a finding of fraud, but they also could have been from a finding of "*oppression*", which would not establish non-dischargeability under 11 U.S.C. §523(a)(2) or (4).  <u>*Menifee*</u> 2012 Bankr LEXIS 4138.  The same is true in this case.  Neither the judgment nor the minute order from the state court case include any findings of fact as to the justification for the award of punitive damages.  Plaintiff erroneously relies on Cal. Civ. Code §3294 as definitive proof of fact finding in support of a claim under 11 U.S.C. §523(a)(4), when in fact, other possible reasons exist for the punitive damages award.

## C. THE STATE COURT JUDGMENT DOES NOT HAVE PRECLUSIVE EFFECT ON PLAINTIFF'S CLAIM FOR NON-DISCHARGEABILITY UNDER 11 U.S.C. §523(a)(6)

Plaintiff's final claim for summary judgment states that the state court finding as to fraud inherently includes fact finding that Debtor committed "fraud and other malicious, deceitful, and willful actions" and that therefore the elements of non-dischargeability under 11 U.S.C. §523(a)(6) were met. This argument fails on multiple points.

A judgment of non-dischargeability under 11 U.S.C. §523(a)(6) requires establishing that the Debtor committed willful and malicious injury. A finding of "willful injury" mandates fact finding into the subjective motive of the Debtor to intentionally inflict injury that is substantially certain to occur. See *In re Su*, *290 F.3d 1140 (9th Cir. 2002)*. Nowhere in the prior state court record provided by Plaintiff is there any evidence of a determination of the Debtor's subjective intent. Furthermore, the judgment as entered makes no specific finding as to what portion of the judgment results from the Plaintiff's Breach of Oral Contract cause of action, which is clearly dischargeable.

In this case, Plaintiff and Debtor were engaged and then broke up. The underlying dispute arose over who was entitled to keep the engagement ring that Plaintiff had given to the Debtor. Plaintiff alleged in the state court complaint that the Debtor was guilty of conversion as to the engagement ring for failing to return it. Aside from the state court judgment's lack of specifics as to the combined judgment, even if a portion were attributable to conversion, it would not preclude the issue of non-dischargeability under 11 U.S.C. §523(a)(6). *See Davis-Rice v. Clements (In re Davis-Rice)*, *2008 Bankr. LEXIS 4717* stating that a California judgment of conversion is insufficient to establish non-dischargeability under 11 U.S.C. §523(a)(6).

A judgment for conversion under California requires only a showing that a defendant has engaged in wrongful exercise or dominion over the personal property of the plaintiff. It does not decide that the defendant has committed willful and malicious injury within the meaning of 11 U.S.C. §523(a)(6). *In re Davis-Rice*, *2008 Bankr. LEXIS 4717*. Accordingly, Plaintiff's mere inclusion of fraud and conversion in their complaint followed by the judgment on "all claims"

with no evidentiary support for the specific elements required under 11 U.S.C. §523(a)(6) is not enough to establish that the issue is precluded and summary judgment should be granted.

## IV.

## CONCLUSION

For the aforementioned reasons, Plaintiff's assertions of preclusion fail as to all counts. In denying Plaintiff's Motion for Summary Judgment, this Court will not be entering final judgment as to the issues of non-dischargeability, but instead simply forcing the Plaintiff to present specific factual evidence to support each of their claims for non-dischargeability and the exact amount if any of said damages.

For those reasons, the Defendant respectfully requests this Court deny Plaintiff's Motion for Summary Judgment as to all counts.

Dated this February 13, 2014

Submitted By:

Bankruptcy Law Center

By: /s/ Ahren A. Tiller
Attorney For Party

## DECLARATION IN SUPPORT OF DEBTOR'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I, Ahren A. Tiller, am over the age of 18 years and hereby declare as follows: I am an attorney licensed to practice law in California and I am admitted to practice in the United States Court Southern District of California. The facts contained in this motion are of my own personal knowledge, based upon meeting or discussion with my client, my notes and/or review of our internal file, or my review of the Court's file in this case.


I swear under penalty of perjury the foregoing is true and correct.


Executed in San Diego, Ca on ***February 13, 2014***

/s/ Ahren A. Tiller
Ahren A. Tiller
Attorney for Debtor

## PROOF OF SERVICE

I, Catherine Cos-Y-Leon, the undersigned, declare and certify as follows:

I am over the age of eighteen years and not a party to the within action and employed in the County of San Diego, State of California. I am employed in the office of Bankruptcy Law Center, by members of the Bar of the State of California who are admitted to practice in the above-entitled Court and I made the service referred to below at their direction. My business address is 1230 Columbia St., Ste 1100 San Diego, Ca 92101.

On **_February 13, 2014_**, I served true and correct copies of the following documents:

**(1)**     ***Debtor's Opposition to Plaintiff's Motion for Summary Judgment and Attached Declaration of Attorney In Support of Debtor's Opposition to Plaintiff's Motion for Summary Judgment***

By the following method(s): ***First Class Pre-Paid U.S. Mail and ECF/Electronic Notice***

On the following parties:

(x) Abraham Viernes, II
    1510 Stanislaus St.
    Chula Vista, Ca 91913

(x) Eduardo B. Alejo
    Law Offices of E.B. Alejo
    240 Woodlawn Avenue, Suite 11
    Chula Vista, Ca 91910

(x) Amanda L. Thompson
    Law Office of Amanda L. Thompson
    2515 Camino Del Rio S Ste 225
    San Diego, Ca 92108

Executed on **_February 13, 2014_**, at San Diego, California.

                              /s/ Catherine Cos-Y-Leon_____
                              Catherine Cos-Y-Leon
                              Paralegal
                              Bankruptcy Law Center, APC
                              1230 Columbia St., Ste 1100
                              San Diego, Ca 92101