Ahren A. Tiller (SBN: 250608)
Bankruptcy Law Center, APC
1230 Columbia St. Ste 1100
San Diego, Ca 92101
Phone (619) 894-8831
Fax: (866) 444-7026
E-mail: Ahren.Tiller@blc-sd.com

Attorney for Defendant
Ma, Theresa Ocampo Paule

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Ma. Theresa Ocampo Paule<br><br>　　　　Debtor(s), <br>_____<br><br>Abraham Viernes II,<br><br>　　　　Plaintiff<br><br>v.<br><br>Ma. Theresa Ocampo Paule aka Maria Theresa Mallari, aka Maria Theresa o. Mallari, aka Theresa Ocampo Paule, aka Maria Theresa Ocampo Paule<br><br>　　　　Defendant<br>_____ | Bankruptcy Case No:12-16671-MM7<br><br>Adversary Case No: 13-90076-MM<br><br>Chapter 7<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR NONDISCHARGEABILITY OF DEBTS AGAINST DEBTOR MA, THERESA OCAMPO PAUL**<br><br>Date:　February 27, 2013<br>Time:　10:00 AM<br>Dept:　1<br><br>Honorable Judge Margaret M. Mann |

**TO THE HONORABLE MARGARET M. MANN; PLAINTIFF, ABRAHAM VIERNES II; COUNSEL OF RECORD; AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE:** that Defendant Ma. Theresa Ocampo Paule hereby responds to Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law in Support of Plaintiff's Motion for Summary Judgment For Nondischargeability of Debts Against Debtor as set forth below:

**1. Statement 13:** "The Fraud Action also arises out of the allegations which follow: After such relationship ended, Plaintiff regained possession of the engagement ring he had previously given to Defendant during their relationship."

**Debtor's Response:** Assumes facts not in the evidentiary record. Plaintiff provides no evidentiary support of the specific fact finding or judgment as to the statement. Plaintiff's only evidentiary support is allegations stated in Plaintiff's State Court Complaint.

**2. Statement 14:** "Unbeknownst to Plaintiff Defendant took back the ring."

**Debtor's Response:** Assumes facts not in evidentiary record. Plaintiff provides no evidentiary support for specific fact finding or judgment as to the statement. Plaintiff's only evidentiary support are allegations stated in Plaintiff's State Court Complaint.

**3. Statement 15:** "After Plaintiff discovered the missing ring, he confronted Defendant who confessed she took the ring and gave it to her mother, but promised to return or repay it, which she never did. Plaintiff relied on Defendant's representations."

**Debtor's Response:** Assumes facts not in evidentiary record. Plaintiff provides no evidentiary support for specific fact finding or judgment as to the statement. Plaintiff's only evidentiary support are allegations stated in Plaintiff's State Court Complaint.

**4. Statement 16:** "Defendant began cohabitating with the man whom she had engaged in an affair in the home she had previously shared with Plaintiff."

**Debtor's Response:** Assumes facts not in evidentiary record. Plaintiff provides no evidentiary support for specific fact finding or judgment as to the statement. Plaintiff's only evidentiary support are allegations stated in Plaintiff's State Court Complaint.

**5. Statement 17:** "Defendant has since ignored or refused Plaintiff's repeated requests and demands to return the ring or repay its value."

 **Debtor's Response:** Assumes facts not in evidentiary record. Plaintiff provides no evidentiary support for specific fact finding or judgment as to the statement. Plaintiff's only evidentiary support are allegations stated in Plaintiff's State Court Complaint.

**6. Conclusion of Law #6:** "Paule is precluded from challenging the establishment of fraud and other findings of fact and conclusions of law pursuant to the final judgment."

 **Debtor's Response:** Debtor's responsive pleadings demonstrate that Debtor is not precluded from establishing that the elements of non-dischargeability under 11 U.S.C. §523(a)(2)(A), (a)(4), and (a)(6) have not been met.

**7. Conclusion of Law #7:** "Plaintiff's claim against Paule is nondischargeable pursuant to Bankruptcy Code §523(a)(2)."

 **Debtor's Response:** Debtor's responsive pleadings demonstrate that Debtor is not precluded from establishing that the elements of non-dischargeability under 11 U.S.C. §523(a)(2) have not been met.

**8. Conclusion of Law #8:** "Plaintiff's claim against Paule is nondischargeable pursuant to Bankruptcy Code §523(a)(4)."

 **Debtor's Response:** Debtor's responsive pleadings demonstrate that Debtor is not precluded from establishing that the elements of non-dischargeability under 11 U.S.C. §523(a)(4) have not been met.

**9. Conclusion of Law #9:** "Plaintiff's claim against Paule is nondischargeable pursuant to Bankruptcy Code §523(a)(6)."

**Debtor's Response:** Debtor's responsive pleadings demonstrate that Debtor is not precluded from establishing that the elements of non-dischargeability under 11 U.S.C. §523(a)(6) have not been met.

**10. Conclusion of Law #10:** "Plaintiff is entitled to summary judgment with respect to Plaintiff's claims against Paule for relief asserted in the instant Adversary Proceeding (as pled in his Complaint and First Amended Complaint)."

**Debtor's Response:** Debtor's responsive pleadings demonstrate that Plaintiff is not entitled to summary judgment with respect to Plaintiff's claims against Paule for relief asserted in the instant Adversary Proceding.

The Debtor does not dispute all other statements of fact and conclusions of law offered by Plaintiff.

Dated this February 13, 2014

Submitted By:

Bankruptcy Law Center

By: /s/ Ahren A. Tiller
Attorney For Party

## PROOF OF SERVICE

I, Catherine Cos-Y-Leon, the undersigned, declare and certify as follows:

I am over the age of eighteen years and not a party to the within action and employed in the County of San Diego, State of California. I am employed in the office of Bankruptcy Law Center, by members of the Bar of the State of California who are admitted to practice in the above-entitled Court and I made the service referred to below at their direction. My business address is 1230 Columbia St., Ste 1100 San Diego, Ca 92101.

On *February 13, 2014*, I served true and correct copies of the following documents:

*(I) DEBTOR'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR NONDISCHARGEABILITY OF DEBTS AGAINST DEBTOR MA, THERESA OCAMPO PAUL*

By the following method(s): *First Class Pre-Paid U.S. Mail and ECF/Electronic Notice*

On the following parties:

(x) Abraham Viernes, II
    1510 Stanislaus St.
    Chula Vista, Ca 91913

(x) Eduardo B. Alejo
    Law Offices of E.B. Alejo
    240 Woodlawn Avenue, Suite 11
    Chula Vista, Ca 91910

(x) Amanda L. Thompson
    Law Office of Amanda L. Thompson
    2515 Camino Del Rio S Ste 225
    San Diego, Ca 92108

Executed on *February 13, 2014,* at San Diego, California.

                                              /s/ Catherine Cos-Y-Leon
                                              Catherine Cos-Y-Leon
                                              Paralegal
                                              Bankruptcy Law Center, APC
                                              1230 Columbia St., Ste 1100
                                              San Diego, Ca 92101