TENTATIVE RULING

ISSUED BY JUDGE MARGARET M. MANN

| | |
|---|---|
| Adversary Case Name: | ABRAHAM VIERNES v. THERESA PAULE |
| Adversary Number: | 13-90076-MM |
| Case Number: | 12-16671-MM7 |
| Hearing: | 10:00 AM Thursday, February 27, 2014 |
| Motion | MOTION FOR SUMMARY JUDGMENT FILED BY PLAINTIFF |

Abraham Viernes, II has sued debtor Ma. Theresa Ocampo Paule for relief under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6) relating to Paule's failure to return an expensive engagement ring after their relationship ended. Viernes seeks summary judgment on his complaint claiming Paule is precluded from disputing or re-litigating the issues of fraud and other causes of action arising from a state court judgment for $48,185.00, including $15,000.00 punitive damages, entered after a bench trial on grounds of fraud, breach of oral contract and conversion based on the same facts alleged in regard to this action.

On a motion for summary judgment, Viernes bears the burden of demonstrating that "there is no genuine dispute as to any material fact" and that he "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. To prevail, Viernes must establish that each essential element of his claim is undisputed. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).The Court is "required to view all facts and draw all reasonable inferences in favor of the nonmoving party" when reviewing the motion. *Brosseau v. Haugen*, 543 U.S. 194, 195 n.2 (2004). Because the underlying purpose of the Bankruptcy Code is to grant the debtor a "fresh start," courts construe exceptions to discharge narrowly. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1197 (9th Cir. 2010) (*quoting Bernard v. Sheaffer (In re Bernard)*, 96 F.3d 1279, 1281 (9th Cir. 1996)). Viernes also bears the burden of proof on all elements of issue preclusion. *Khaligh v. Hadaegh (In re Khaligh)*, 338 B.R. 817, 825 (B.A.P. 9th Cir. 2006). "To sustain this burden, the party must introduce a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (B.A.P. 9th Cir. 1995). Reasonable doubts as to what was decided by a prior judgment should be resolved against allowing the issue preclusive effect. *Id*. Regardless, if the necessary elements are met, this Court must give preclusive effect to the nondischargeability issues decided in state court as a matter of full faith and credit. *Bugna v. McArthur (In re Bugna)*, 33 F.3d 1054, 1057 (9th Cir. 1994), overruled on unrelated grounds, *Honkanen v. Hopper (In re Honkanen)*, 446 B.R. 373, 381 (B.A.P.

9th Cir. 2011).

For the reasons set forth below, on the record before the Court, Viernes has not met his burden of proof because the judgment and minute order that together were submitted as proof of the state court ruling do not make the necessary express or implied findings of the elements of fraud, defalcation or willful and malicious injury as respectively required by §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6).   The Court cannot infer nondischargeability because the judgment was on the alternative grounds of fraud, breach of oral contract and conversion, and breach of contract and conversion are nondischargeable.   Nor can the Court infer nondischargeability from the award of punitive damages. In the absence of clearer evidence of the state court findings, the judgment does not preclude the issue of dischargeability, and summary judgment cannot be granted.

Pursuant to 28 U.S.C. § 1738, federal courts apply the issue preclusion principles from the state in which the judgment was entered. *Grogan*, 498 U.S. at 284; *Honkanen v. Hopper (In re Honkanen)*, 446 B.R. 373, 382 (B.A.P. 9th Cir. 2011).   In California, the state in which the judgment was entered, preclusion applies if five threshold elements are met as to each relevant issue: (1) that it is identical; (2) was actually litigated in the former proceeding; (3) was necessarily decided in the former proceeding; (4) the former decision is final and on the merits; and (5) the party against whom preclusion sought either the same, or in privity with, party in former proceeding.   *Khaligh*, 338 B.R. at 824. Even if all five requirements are met, the Court must also ensure that the application of collateral estoppel is fair and consistent with sound public policy.   *Alonso v. Summerville (In re Summerville)*, 361 B.R. 133, 143 (B.A.P. 9th Cir. 2007); *Lucido v. Superior Court*, 51 Cal. 3d 335, 343 (Cal. 1990).

That elements two, four and five, for each of Viernes' claims have been met, Paule does not dispute. Paule also concedes, and the Court agrees, that the issue of fraud alleged under 11 U.S.C. §523(a)(2)(A) is essentially an identical issue as common law fraud in California.   See also *Younie v. Gonya (In re Younie),* 211 B.R. 367, 373 (B.A.P. 9th Cir. 1997).   Where Viernes' request for summary judgment fails is regarding elements one or three, which the Court applies below to each of the §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6) claims separately.   Since these technical elements are not satisfied, the Court need not address the public policy implications of applying issue preclusion to a state court judgment. *See Khaligh*, 338 B.R. at 824 (analysis of public policy is obviated where other elements of issue preclusion are not met).

The first element of preclusion, that the claims are identical, is met in regard to only the fraud claim, but not the defalcation or willful and malicious injury causes of action. *Younie v. Gonya (In re Younie),* 211 B.R. 367, 374 (B.A.P. 9th Cir. Cal. 1997), affirmed 163 F.3d 609 (9th Cir. 1998)(state court fraud claims are identical to claims   under § 523(a)(2)(A) so that fraud findings can be inferred even if not expressly stated).   While a state court conversion claim can give rise to a nondischargeable claim under § 523(a)(6), this is only where the state court made specific findings of willful and malicious injury.   "A judgment for conversion under California law therefore does not,

without more, establish that a debt arising out of that judgment is non-dischargeable under §523(a)(6)." *Peklar v. Ikerd (In re Peklar)*, 260 F.3d 1035, 1039 (9th Cir. Cal. 2001); *see also Braden Trust v. Chavez (In re Chavez),* 430 B.R. 890, 897 (Bankr. D. Ariz. 2010).

As to all three claims of nondischargeability, the third element is lacking, because the Court cannot   determine from this record that the issues have been necessarily litigated.   This bars the application of issue preclusion.   A prior decision can be given preclusive effect in later proceedings "where the record shows an express finding upon the allegation"for which preclusion is sought. *Cal-Micro, Inc. v. Cantrell (In re Cantrell),* 329 F.3d 1119, 1124 (9th Cir. 2003) (quoting *Estate of Williams*, 223 P.2d 248, 254 (Cal. 1950)).   "[A]ll doubts about what was decided in the state court action   are to be construed against the party seeking preclusion." *Honkanen*, 446 B.R. at 384.   Neither the judgment nor the minute order includes specific findings on any of the grounds. The judgment just awarded $48,185.00 in general damages on "all causes of action" for conversion, fraud and deceit and breach of oral contract, with $15,000.00 awarded for punitive damages. In a recent BAP decision, the appeals court found that the bankruptcy court abused its discretion when it applied issue preclusion to a judgment with a similar lack of findings.   See *Phan v. Nguyen (In re Phan)*, BAP No. 12-1621 (B.A.P. 9th Cir. February 24, 2014). Without a transcript or other evidence of any findings that form the basis of the state court's ruling, it cannot be given preclusive effect, and thereby rendered nondischargeable. *Cagney v. Smith (In re Cagney)*, 2008 Bankr. LEXIS 4665, *23 (B.A.P. 9th Cir. July 25, 2008).   *Genesis V J, Inc. v. Nguyen (In re Nguyen),* 2012 Bankr. LEXIS 683, 21-22 (B.A.P. 9th Cir. Feb. 17, 2012). "As a matter of fairness, when faced with serious questions about the scope of a ruling, the bankruptcy court should err on the side of caution and avoid applying issue preclusion when a state court's exact determination is ambiguous.   In this case, the state court's determination was simply not sufficiently firm to be given preclusive effect. "The Court "can only speculate as to which injury or injuries underlay the verdict, and speculation will not support the application of collateral estoppel." *Chew v. Gates*, 27 F.3d 1432, 1438 (9th Cir. 1994).

The Court notes that had fraud been the sole claim alleged in state court, specific findings would have been obviated because the state court in that instance could only have granted judgment to Viernes on the basis of fraud. *Baldwin v. Kilpatrick (In re Baldwin),* 249 F.3d 912, 919 (9th Cir. 2001) (preclusive effect granted to judgment even without specific findings where it could only have been based upon one cause of action); *Younie,* 211 B.R. at 375 (same). But the judgment here could have been based not only on fraud, but also one of the potentially dischargeable causes of action alleged in the state court complaint.    Because Viernes' judgment generally awards damages for all three causes of action, it is unclear whether fraud was necessary to support the award. *id.*, and the Court can only grant summary judgment on issues necessarily and clearly decided.

Viernes argues that under *Roussus v. Michaelides (In re Roussos)* 251 B.R. 86, 89 (Bankr.

9th Cir. 2000), the award of punitive damages implies that fraud was necessarily decided. *Roussos* differs from this case however, because in that case, the statement of decision contained specific findings that the debtor there committed malice fraud **and** oppression by clear and convincing evidence.   Punitive damages under California law require a finding of clear and convincing evidence that the party is guilty of oppression, fraud, or malice. Cal. Civ. Code § 3294(a). The state court judgment for Viernes is not so specific in finding both of these alternative bases of the award, and the Court cannot extrapolate, however, from the punitive damage award to satisfy the necessary elements of any of the non-dischargeability claims.   An award of punitive damages alone does not demonstrate the elements of § 523(a)(6). *See Brandstetter v. Derebery (In re Derebery),* 324 B.R. 349, 356 (Bankr. C.D. Cal. 2005) (finding that punitive damages do not indicate willfulness for purposes of § 523(a) (6)); *Urological Group, Ltd. v. Petersen (In re Petersen),* 296 B.R. 766, 788 (Bankr. C.D. III. 2003) (denying punitive damages on fraud claim because no intentional and outrageous conduct and thus dischargeable). It could be that the judgment was based upon oppression, defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights," *id.*, and oppression does not constitute fraud or willfulness. Even though the state court compliant does not state the word "oppression" the state court could have found it based on the alleged allegations.   Although "*In re Krishnamurthy*, 209 B.R. 714 (B.A.P. 9th Cir. 1997) specifically concluded that punitive damages awarded under California law necessarily established that a jury found oppression, fraud or malice, satisfying the § 523(a)(6) standard[,] *Krishnamurthy* was decided prior to *Geiger* and prior to the *Su* and Jercich two-pronged test for § 523(a)(6). As a result, it did not address the subjective test for willfulness and is not viable precedent for this court's ruling." The Court will consider the punitive damages award based upon the evidence at trial already being presented based on the remaining claims.

While the amount of the claim has been decided as a matter of issue preclusion, *Sasson v. Sokoloff (In re Sasson),* 424 F.3d 864,872 (9th Cir. 2005), Viernes must still establish at trial that the judgment resulted from fraud under §523(a)(2), larceny/embezzlement under §523(a)(4), or willful and malicious injury under §523(a)(6).

Debtor objected to Viernes' claim of attorney fees in this suit, but Viernes claims he waived it by not pleading it as an affirmative defense.   Regardless of whether Debtor opposed attorney's fees, this Court must determines whether Viernes is entitled to attorney's fees for pursuing an action in this Court. No independent right exists to plaintiff's attorney's fees under the Bankruptcy Code and a prevailing party may be awarded attorney's fees in a nondischargeability action only if such fees are recoverable outside of bankruptcy under state or federal law. *Fry v. Dinan (In re Dinan),* 448 B.R. 775, 785 (B.A.P. 9th Cir. 2011).   Viernes must present evidence of an independent ground to receive attorney's fees if he wishes the Court to award them.

The Motion for Summary Judgment is denied.   Parties are to be prepared to discuss all pretrial issues.